UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRENDA J. HAUGER,**

    Plaintiff**,**

v.                                                        Case No.: 8:07-CV-1711-T-EAJ

**JOHN HANCOCK LIFE INSURANCE CO.,**
**(U.S.A.); and RICHARD L. HAUGER,**

    Defendants.

**ORDER**

Before the court are **Defendant John Hancock Life Insurance Company's Motion for Final Judgment of Discharge** (Dkt. 16) filed on December 12, 2007, **Defendant John Hancock Life Insurance Company's Motion for Protective Order** (Dkt. 18) filed on January 9, 2008, **Plaintiff Brenda J. Hauger's Response to Motion for Protective Order and Response to Show Cause Order** (Dkt. 20) filed on January 14, 2008, and **Defendant John Hancock Life Insurance Company's Motion for Leave to file Reply Brief** (Dkt. 21) filed on January 15, 2008.

**I.**    **Background**

On July 31, 2007, Plaintiff, Brenda J. Hauger, filed a complaint for declaratory relief against Defendant John Hancock Life Insurance Company's ("John Hancock") and Defendant Richard L. Hauger in the Circuit Court for Hillsborough County seeking determination as the beneficiary of an annuity purchased by H. Keith Hauger ("Decedent") and issued by John Hancock. (Dkt. 1) Plaintiff alleges that Decedent executed an Annuity Personal Information Change Form ("Designation") replacing Defendant Richard Hauger, Decedent's brother, as the primary beneficiary and naming Plaintiff as the new primary beneficiary. (Dkt. 1 at ¶ 7) Plaintiff further

contends that Decedent properly prepared and mailed the Designation to John Hancock but that John Hancock did not admit receipt of the Designation and did not update the beneficiary designation in its records. (Dkt. 1 at ¶ 12)

On September 21, 2007, John Hancock filed a notice of removal of the action and removed the matter to this court. (Dkt. 2) On September 28, 2007, John Hancock filed an Answer and Cross-claim for Interpleader against Richard L. Hauger and a Counterclaim for Interpleader against Plaintiff under Fed. R. Civ. P. 22 and 28 U.S.C. § 1335. (Dkt. 5 at 3)

The parties filed a case management report on November 17, 2007. (Dkt. 9) The parties proposed completing discovery by April 15, 2008. (Dkt. 9 at 4-5) Moreover, the case management report provided that "[n]otwithstanding entry of any order or judgment on Defendant John Hancock's interpleader claim, John Hancock shall remain a party for all purposes of discovery." (Dkt. 9 at 5)

The parties consented to jurisdiction before the undersigned on November 14, 2007. (Dkts. 14 and 15)

On November 26, 2007, the court granted John Hancock's Motion to Deposit Funds in Court Registry. (Dkt. 15) On December 6, 2007, John Hancock deposited interpleader funds in the amount of $230,705.69 into the court registry. These funds represent the annuity proceeds that are the subject of the interpleader action.

    A.    <u>John Hancock's Motion for Final Judgment of Discharge</u>

On December 12, 2007, John Hancock filed a Motion for Final Judgment of Discharge. (Dkt. 16) John Hancock asserts that because it has paid the annuity proceeds into the court registry, it is entitled to a discharge from this case. In addition, John Hancock seeks attorney's fees in the

amount of $7,639.50 and costs in the amount of $536.40. John Hancock advises the court the parties conferred but did not agree upon this motion.

Plaintiff's and Defendant Richard L. Hauger's responses to John Hancock's motion were due on December 31, 2007. After Plaintiff and Defendant Hauger failed to file a response, the court issued an order directing the parties to show cause by January 15, 2008 why John Hancock's Motion for Final Discharge should not be granted. (Dkt. 17)

In response to the show cause order, Plaintiff does not oppose the entry of final judgment discharging John Hancock from the case <u>once</u> John Hancock responds to Plaintiff's discovery. (Dkt. 20 at 4) However, Plaintiff opposes a full discharge of John Hancock from "all liability whatsoever" because such language would release John Hancock from its own negligence if it later discovered that John Hancock received Decedent's designation and failed to properly act in accordance with Decedent's instructions. (<u>Id.</u>) Likewise, Plaintiff opposes any award of attorney's fees or costs to John Hancock because John Hancock is not a disinterested stakeholder. (<u>Id.</u>)

Defendant Richard Hauger did not file a response to the court's show cause order.

B.   <u>John Hancock's Motion for Protective Order</u>

On December 10, 2007, Plaintiff served requests for production of documents upon John Hancock. (Dkt. 18-2 at 4) Plaintiff requests the following documents: (1) all non-privileged documents pertaining to any litigation to which John Hancock has been a party since January 1, 2003 in which a claim for annuity proceeds has been asserted on account of an alleged beneficiary change that John Hancock did not recognize or that John Hancock claimed was not received; (2) all correspondence and claim files for claims for annuity proceeds filed with John Hancock since January 1, 2003, to which John Hancock contended that a proper beneficiary change form was not

3

received; (3) all correspondence and claim files for claims for annuity proceeds filed with John Hancock since January 1, 2003, to which John Hancock paid the claimant, notwithstanding that no proper beneficiary change form was received; (4) all John Hancock's manuals and statements of policy and procedure relating to the receipt of mail and identification of beneficiaries on annuity contracts; and (5) all communications between Richard Hauger and John Hancock regarding the annuity contract at issue. (Id.)

On January 9, 2008, John Hancock filed a motion for protective order requesting that the court quash Plaintiff's discovery requests. (Dkt. 18) Specifically, John Hancock asserts that Plaintiff's request production of documents are irrelevant, overbroad and burdensome. John Hancock objects to Plaintiff's discovery requests to the extent that they seek personal, financial, proprietary and/or confidential information. Furthermore, John Hancock contends that because it filed a motion for final judgment of discharge, (which will dispose of all claims as they relate to John Hancock), the court should quash Plaintiff's discovery requests.

In response, Plaintiff argues that she is entitled to discovery from John Hancock because Defendant is a party to this action. (Dkt. 20) Plaintiff contends that although John Hancock has a pending Motion for Final Judgment and Discharge, Plaintiff served her discovery requests prior to John Hancock's motion for discharge. Plaintiff also argues that her discovery requests are relevant "to the issue of properly identifying the beneficiary of the annuity proceeds in this case." (Dkt. 20 at 3)

**II.     Discussion**

    A. Interpleader Status

Interpleader is the means by which a stakeholder, who typically claims no interest in an asset,

avoids liability by asking the court to determine the asset's rightful owner. Chase Manhattan Bank v. Mandalay Shores Coop. Hous. Ass'n, 21 F.3d 380, 383 (11th Cir. 1994). Interpleader proceeds in two stages. Ohio Nat'l Life Assur. Corp. v. Langkau, No. 3:06-cv-290-J-33MCR, 2006 U.S. Dist. LEXIS 80156 at *5 (M.D. Fla. Nov. 2, 2006). At the first stage, the court determines whether interpleader is proper. Id. For interpleader to be proper, the stakeholder must show that the stakeholder has been or may be subject to adverse claims that could expose the stakeholder to multiple liability on the same fund. Id. At the second stage, the merits of the claims are evaluated. Id.

In an interpleader action, the burden is on the party seeking interpleader to demonstrate that he is entitled to it. Dunbar v. United States, 502 F.2d 506, 511 (5th Cir. 1974).[1] A stakeholder demonstrates such entitlement when the stakeholder shows that adverse claims could bring multiple liability. The essential requirement for rule interpleader is that the stakeholder "is or may be exposed to double or multiple liability." Fed. R. Civ. P. 22.[2]

Here, John Hancock's interpleader action is proper. John Hancock is faced with competing claims of entitlement to the proceeds of a single annuity policy from Plaintiff and Defendant Richard L. Hauger. (Dkt. 5 at 4) Interpleader is proper even though John Hancock may be independently

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir.), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2] John Hancock's action appears to be a rule interpleader action. Statutory interpleader requires minimal diversity among the claimants, that is, at least one claimant must be of diverse citizenship from another claimant. 28 U.S.C. § 1335; State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 530 (1967). By contrast, rule interpleader requires diversity between the stakeholder and claimants. 4 Moore's Federal Practice § 22.04[2][a] at 22-51 (Matthew Bender 3d ed. 2002). In this case, there is no allegation that there is minimal diversity among the claimants. Both Plaintiff and Defendant Richard L. Hauger are Florida citizens. (Dkt. 5 at 3)

liable to Plaintiff under a tort theory.  See  Progressive Cas. Ins. Co. v. Belmont Bancorp., 199 F.R.D. 219, 226 (S.D. Ohio 2001)(even if the stakeholder is independently liable to any claimant to the fund, the stakeholder may maintain an interpleader action); Builders & Developers Corp. v. Manassas Iron & Steel Co., 208 F. Supp. 485, 491 (D. Md. 1962)(same).

Thus, while John Hancock meets the requirements for granting of interpleader status, because John Hancock may be independently liable to Plaintiff, the court declines to discharge John Hancock from all liability at this time.[3]  See Companion Life Ins. Co. v. Schaffer, 442 F. Supp. 826, 829 (S.D.N.Y. 1977)(court declined to discharge insurance company from liability where plaintiff alleged negligence on part of the insurer).  Accordingly, John Hancock's request for final discharge is denied.  However, upon complying with the discovery requests addressed in this order, John Hancock may renew its motion to be discharged from this interpleader action

      B.      John Hancock's Request for Attorneys' Fees and Costs

Citing to Prudential Ins. Co. v. Boyd, 781 F.2d 1494 (11th Cir. 1986), John Hancock requests an award of attorneys' fees of $7,639.50 and costs in the amount of $536.40.  As a general proposition, attorneys' fees and costs may be awarded to an innocent, disinterested stakeholder who brings an interpleader action.  Id. at 1497.  However, there is no right for a stakeholder to recover attorneys' fees and costs.  Mandalay Shores, 21 F.3d 380 at 382-382.

In Mandalay Shores, the Eleventh Circuit identified three reasons to justify an award of attorneys' fees in an interpleader action.  Id. at 383.  First, an interpleader action often yields a cost effective resolution of a dispute in a single forum.  Id.  Second, the stakeholder in the asset often

---

[3] Contrary to the facts in Southtrust Bank of Florida, N.A. v. Wilson, 971 F. Supp. 539, 542 (M.D. Fla. 1997), John Hancock is not a disinterested stakeholder and therefore is not entitled to a discharge from all liability at this time.

acquires the asset innocently and in no way provokes the dispute among claimants. Third, the fees for the stakeholder are typically minor and do not greatly diminish the value of the asset. Id.

In Mandalay Shores, the court also stated that insurance companies are not innocent stakeholders who unwittingly come into possession of the disputed asset. Id. Rather, where multiple claimants are disputing the ownership of insurance proceeds, the chief beneficiary of an interpleader action is the insurance company. Campbell v. North American Co., No. 3:04-cv-1118-J-TEM, 2007 U.S. Dist. LEXIS 54886 at * 17 (M.D. Fla. July 30, 2007). Moreover, when an interpleader action is brought by an insurance company in response to a suit against the insurance company, an insurance company is not a disinterested, innocent stakeholder. Id. at * 17-18.

Here, John Hancock, is not a disinterested, innocent stakeholder. As an insurer, John Hancock is seeking attorneys' fees and costs expended as a result of the dispute which arose over the proceeds of an annuity issued and paid by John Hancock. Thus, John Hancock did not innocently come into possession of the disputed funds. Moreover, Plaintiff alleges that John Hancock's actions provoked the dispute between her and Defendant Richard Hauger. Indeed, John Hancock filed the interpleader action in response to allegations that John Hancock failed to admit receipt of Decedent's change of beneficiary form and failed to update Decedent's beneficiary designation in its records. Thus, the interpleader action was clearly in John Hancock's self interest.

Additionally, the Eleventh Circuit has held that, in certain circumstances, attorneys' fees are not warranted, such as when an interpleader claim arises out of the normal course of business. Mandalay Shores, 21 F.3d at 382-383. The court explained:

> The principle behind the normal-course-of-business standard is simple: an insurance company, for example, avails itself of interpleader to resolve disputed claims to insurance proceeds - disputes that arise with some modicum of regularity. In a sense, the

>   insurance company will use interpleader as a tool to allocate proceeds and avoid further liability. As the costs of these occasional interpleader actions are foreseeable, the insurance company easily may allocate the costs of these suits to its customers. Unlike innocent stakeholders who unwittingly come into possession of a disputed asset, an insurance company can plan for interpleader as a regular cost of business and, therefore, is undeserving of a fee award.

Id. at 383. The "normal-course-of-business" exception can trump the three standard reasons for awarding attorneys' fees. Campbell, 2007 U.S.Dist. LEXIS 54886 at *21-22 (citing Life Investors Ins. Co. of Am. v. Childs, 209 F. Supp. 2d 1255, 1256-1257 (M.D. Ala. 2002).

Accordingly, the dispute over the proceeds of the annuity fund arose in the normal course of business and, thus, John Hancock's request for attorneys' fees and costs should be denied.

   C.   John Hancock's Motion for Protective Order

Rule 26( c) provides that "upon motion by a party. . . and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26( c). The party seeking the protective order has the burden to demonstrate good cause. Id. In determining whether good cause exists, the federal courts have created their own balancing of interests approach. See Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1313 (11th Cir. 2001) ("Federal courts have superimposed a balancing of interests approach for Rule 26's good cause requirement.") (citations omitted).

Rule 26 which permits the parties to "obtain discovery regarding any matter, not privileged, which is relevant to the subject claim or defense of any party." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. The term "relevant" should be "'construed broadly to

encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case.'" Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., 231 F.R.D. 426, 430 (M.D. Fla.2005) (quoting, Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)). Courts have discretion, however, to limit discovery when such discovery is unreasonably cumulative or obtainable from some other source that is more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26 (b)(2). Courts may also limit discovery in an effort to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26( c).

In the instant case, John Hancock asserts that because it is a disinterested stakeholder seeking a final discharge, any discovery is unnecessary and not reasonably calculated to obtain discoverable or relevant information regarding the claims at issue. Nevertheless, as previously discussed, John Hancock is not a disinterested stakeholder. Furthermore, in the case management report filed by the parties, John Hancock agreed, that notwithstanding any order regarding John Hancock's interpleader claim, it would remain a party for all purposes of discovery. (Dkt. 9 at 5) Thus, unless good cause is shown to issue a protective order, John Hancock shall be required to respond to Plaintiff's discovery.[4]

    (i)    Plaintiff's Document Requests Nos. 1 and 2

Pursuant to Document Request No. 1, Plaintiff seeks all non-privileged documents relating to any litigation to which John Hancock has been a party since January 1, 2003 in which a claim for annuity proceeds has been asserted on account of an alleged beneficiary change which was not

---

[4] Plaintiff served her discovery requests prior to John Hancock's Motion for Final Judgment of Discharge. There is no argument that Plaintiff's discovery requests are untimely.

recognized or received.     Similarly, in Plaintiff's Document Request No. 2, Plaintiff requests all correspondence and claims file for annuity proceeds filed with John Hancock since January 1, 2003, to which John Hancock contended that a  proper beneficiary change was not received.   Plaintiff argues that these discovery requests are relevant to the issue of identifying the beneficiary of the annuity proceeds in this case.  Without providing any details or support for her position, Plaintiff merely maintains that the resolution of similar cases may be persuasive evidence in this case.

Defendant asserts these requests seek irrelevant, personal and confidential information concerning individuals and annuities which are wholly unrelated to Plaintiff's claim.  The court agrees.  There is no support for Plaintiff's position that her discovery requests have a direct bearing on "John Hancock's actual or theoretical recognition of annuity beneficiaries under similar facts." (Dkt. 20 at 3)   Plaintiff has failed to demonstrate the relevance of such overly broad  requests. Thus, John Hancock's motion for protective order is granted as to Request No. 1 and Request No. 2.

    (ii)    <u>Plaintiff's Document Request No. 3</u>

In Document Request No. 3, Plaintiff seeks all correspondence and claims files for claims for annuity proceeds filed with John Hancock since January 1, 2003 to which John Hancock paid the claimant, notwithstanding that no proper beneficiary change form was received.  Plaintiff asserts this information is relevant to the resolution of similar cases to Plaintiff's.  John Hancock does not specifically address this discovery request.[5]

The court finds that John Hancock's payment of other claims without a proper beneficiary

---

[5] John Hancock incorrectly asserts that Document Request No. 3 seeks John Hancock's manuals or statements on policy and procedures relating to the receipt of mail and identification of beneficiaries.  (Dkt. 18 at 5)

form during the time period requested is not narrowly tailored and is overly broad and burdensome. Generally, a party may obtain discovery of a claim file when bad faith is alleged. Allstate Indemnity Co. v. Ruiz, 899 So.2d 1121, 1128-1129 (Fla. 2005)(all materials in claim and litigation files were discoverable in bad faith action brought pursuant to Florida law). Plaintiff's complaint does not assert a bad faith claim against John Hancock. Thus, John Hancock has shown good cause not to produce the claim files or correspondence in response to Document Request No. 3.

      (iii)     Plaintiff's Document Requests Nos. 4 through 7

Plaintiff's Document Requests Nos. 4 through 7 seek all manuals or statements of policy or procedure in place since July 1, 2005 for (a) receipt of mail at John Hancock's office, (b) receipt of mail by John Hancock's Annuity Service Office, ( c) the identification of beneficiaries on annuity contracts, and (d) the change of beneficiaries on annuity contracts. Plaintiff alleges that these documents are relevant to John Hancock's position regarding the proper beneficiary in this case. It is also relevant to the court's determination of this issue.

John Hancock reiterates its position that because it has filed an interpleader action and it is a disinterested party, Plaintiff's requests are not reasonably calculated to lead to discovery which would be admissible evidence at trial in this matter. As previously discussed, the court rejects this argument. John Hancock further contends that Plaintiff seeks proprietary and/or confidential information regarding the operations of John Hancock, and as such, it should not be required to produce these documents without an appropriate protective order of confidentiality.

The court finds that Plaintiff's Document Requests Nos. 4 through 7 are relevant to Plaintiff's claims. Thus, John Hancock is directed to produce responsive documents to these requests. However, the parties are directed to confer and file a joint motion for a stipulated

11

protective order which limits the parties' disclosure and use of proprietary and/ or confidential information produced in response to Document Requests Nos. 4 through 7 in compliance with Local Rule 1.09, M.D. Fla.

    (iv)    <u>Plaintiff's Document Request No. 8</u>

Finally, Plaintiff's Document Request No. 8 seeks all documents relating to any communications with Defendant Richard L. Hauger or any representative of Richard L. Hauger regarding the annuity contract at issue in this case. John Hancock contends that it has provided a copy of any such documents pursuant to Rule 26 disclosures made on November 16, 2007. In response, Plaintiff does not identify any documents John Hancock has failed to produce or any details why John Hancock's production is inadequate. Thus, the court grants John Hancock's motion as to this discovery request.

    D.    <u>John Hancock's Motion for Leave to File Reply Brief</u>

John Hancock seeks leave to file a reply brief of approximately 15 pages to counter Plaintiff's arguments and address legal arguments concerning the relief sought by John Hancock. (Dkt. 21) Plaintiff does not oppose this motion. Upon consideration, John Hancock's motion for leave is denied as unnecessary to the resolution of the motions.

Accordingly, and upon consideration, it is **ORDERED and ADJUDGED** that:

(1) **John Hancock's Motion for Final Judgment of Discharge** (Dkt. 16) is **DENIED**.

(2) **John Hancock's Motion for Protective Order** (Dkt. 18) is **GRANTED IN PART AND DENIED IN PART** as set forth in this order. The parties are directed to confer and file a jointly proposed protective order within 10 days which limits the disclosure of proprietary and/or confidential information that John Hancock

produces in response to Plaintiff's discovery requests.

(3)  **John Hancock's Motion for Leave to File Reply Brief** (Dkt. 21) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on this 5th day of February, 2008.

_____
ELIZABETH A JENKINS
United States Magistrate Judge

13